## B. A. LITOWICH v. BLANCHE LITOWICH.

1. FOREIGN JUDGMENT, OR DECREE, *When Void; Utah Divorce.* A judgment rendered by a probate court of Utah territory, attempting to dissolve the marriage relation existing between a husband and wife who had neither of them ever resided there or been within the territory, and being rendered without any actual notice to the wife, is void absolutely and entirely for want of jurisdiction in the court to render such a judgment.

2. ——— And where the judgment in such a case does not appear to be void upon its face, it may be shown to be void, in Kansas, by evidence *aliunde.*

3. ALIMONY; *Residence of Wife; Action.* A wife may commence and maintain an action in Kansas for alimony, without having been a resident of the state for the whole of the year next preceding the commencement of such action.

4. ——— *Alimony, and Suit Money, Pendente Lite.* Upon a motion, in such an action, for alimony *pendente lite,* (including suit money,) the merits of the action are not involved any further than is necessary for the purpose of ascertaining whether the plaintiff is or is not prosecuting her action in good faith. Her petition should state a cause of action; and it should then be made to appear, *prima facie,* by evidence or by the admissions of the parties, that the parties were husband and wife, that the wife needed alimony *pendente lite,* that she was prosecuting her action in good faith; and evidence might also be introduced to show the pecuniary and social condition of the parties, and the probable expenses of the litigation, for the purpose of determining the amount of alimony (including suit money) to be allowed the wife during the pendency of the action.

Litowich v. Litowich.

*Error from Saline District Court.*

IN an action against her husband, *B. A. Litowich*, and two others, as defendants, Mrs. *Blanche Litowich*, as plaintiff, obtained an order directing her said. husband to pay a certain sum for her support pending the action, and for the expenses of the suit, and an order restraining her husband and *Ed. Wittman*, one of said defendants, from conveying or disposing of certain property. These orders were granted 31st August 1877, at chambers. Defendants *Litowich* and *Wittman* appeal, and bring the case here on error.

*John Foster*, for plaintiffs in error.

*J. G. Mohler*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Blanche Litowich, against B. A. Litowich, Ed. Wittman, and Ray Hollingsworth, for the purpose of obtaining alimony from said Litowich, her alleged husband, and of restraining all the defendants from selling or disposing of the property of her said alleged husband. At the time of the commencement of this action the plaintiff obtained an order from the judge of the court below, at chambers, granting to her, as alimony *pendente lite*, (using the word alimony in a broad sense, including suit money,) $100 for attorney-fees and expenses of the suit, and $100 for her support, and restraining the defendants from disposing of any of her husband's property except "in the due course of their trade and business as merchants in the town of Salina." Afterward the defendants moved to vacate said order. Pending this motion, the plaintiff moved for an attachment against said Litowich, requiring him to answer for an alleged contempt in not obeying said order with respect to the payment of alimony. By consent of parties these two motions were heard together, and at the same time. It would also seem that the judge of the court below also heard still another

motion at the same time, made by the plaintiff for additional alimony. A vast amount of evidence was introduced upon the hearing of these motions, and upon this evidence the judge vacated said order with respect to Hollingsworth, and after modifying such order in some particulars with respect to the other two defendants continued it in force substantially as to them. The judge refused to grant the attachment asked for by the plaintiff, and refused to give her any additional alimony. Defendants Litowich and Wittman excepted to the rulings of the judge of the court below against them. They also moved for a rehearing of their motion to vacate said order, which motion was also overruled, and they duly excepted; and they now bring the case to this court for review.

While the judge of the court below may have committed some immaterial errors, we cannot say that he committed any substantial error. It would seem to us that alimony *pendente lite* should have been allowed in this case; and we cannot say that $200, including suit money, was too much. And we also think, that under the circumstances of this case the injunction *pendente lite* was also proper. That the said B. A. Litowich and Blanche Litowich were married to each other on March 26th 1876, and that they remained husband and wife from that time up to April 5th 1877, is admitted by all the parties. The plaintiff claims that she still remains the wife of said B. A. Litowich. But the defendants claim that on the 5th of April 1877, the said B. A. Litowich was divorced from the plaintiff, and that the marriage relation then existing between them was wholly severed and dissolved. And to prove such divorce, the defendants introduced in evidence a duly-certified copy of a judgment rendered by the probate court of Davis county, Utah territory, purporting to grant such divorce. This judgment shows upon its face that there had been "pleadings," and a "summons," and "service of summons," and "proof" in the case in which it was rendered; and yet no such pleading, or summons, or service, or proof, was introduced in

*1. Utah divorces; foreign judgment, when void.*

evidence on the hearing of the motions in this case. The judgment upon its face seems to be valid; but whether it would still appear to be valid if the whole of the record of the case in which it was rendered had been introduced in evidence, we cannot tell. But from evidence *dehors* the record we know that said judgment is void absolutely and entirely. It was rendered wholly without jurisdiction. The parties thereto, B. A. Litowich and Blanche Litowich, were married in Kansas. They resided together in Salina, Kansas, up to the 8th of January 1877, when Mrs. Litowich went to her mother's at Atlantic City, N. J., expecting her husband soon to sell his property in Kansas and follow her. Afterward he did sell said property, (the sale however was probably a sham sale,) and then on the 5th of March 1877, leaving Salina, went to Denver, to Cheyenne, and to Chicago, Ill., where he employed a lawyer, (A. J. Dexter, by name,) to procure a divorce for him. This lawyer procured said Utah divorce. Neither of the parties had ever resided in Utah, neither of them had ever been there. And neither of them had ever had any expectation of residing there. After procuring said divorce said B. A. Litowich returned to Salina by way of Kansas City, reaching Salina on the 14th of April 1877. He then repurchased his former interest in a mercantile establishment located at Salina, and is now residing there and doing business there as a merchant. On the same day that he returned to Salina he wrote to his wife concerning said divorce, and this was the first notice that she ever received from any source that he had any intention or desire to procure a divorce. The letter is as follows:

.SALINA, KANSAS, APRIL 14, 1877.

MRS. BLANCHE: I received your letter. I just got to Salina. I am living in Chicago, Ill., and think to go back there soon. I shall not remain in Salina only two days longer. I have sued you for a divorce at Chicago. Would have notified you before, but was not sure where you were. Don't write to me any more. Try and think of some one else.                    Respectfully,    B. A. LITOWICH.

Mrs. Litowich, having learned that her husband had

remained at Salina, subsequently returned, and on 31st August 1877 she commenced this action for alimony. We think that said parties B. A. and Mrs. Litowich were still husband and wife when this action was commenced, and are now husband and wife. Said Utah judgment, being void for want of jurisdiction, did not change their matrimonial status, nor affect any of their rights with respect to each other. That a judgment rendered without jurisdiction is void, we have assumed as settled law. And the supreme court of Indiana has recently decided that a judgment granting a divorce rendered by a probate court in Utah, upon jurisdictional facts and circumstances almost precisely like those upon which the present judgment was rendered, was a judgment rendered without jurisdiction and consequently void. (*Hood v. The State*, 5 Cent. Law Jour. 35.) And this decision of the

2. Want of jurisdiction may be shown by evidence aliunde. supreme court of Indiana, is in accordance with the unbroken current of authority. (2 Bishop Marriage & Divorce, § 144.) And where the judgment granting the divorce does not appear to be void upon its face, it may be shown to be void by evidence *aliunde*. (*Hoffman v. Hoffman*, 46 N. Y. 30, 33; *Kerr v. Kerr*, 41 N. Y. 272; *Borden v. Fitch*, 15 Johns. 121, 141; *Leith v. Leith*, 39 N. H. 20; *Pollard v. Wegener*, 13 Wis. 569, 576.) And indeed, any judgment from a sister state, void for want of jurisdiction, may be shown to be void in any proceeding, direct or collateral, and by evidence *dehors* the record, provided that the record itself does not show the invalidity of the judgment upon its face. (*Thompson v. Whitman*, 18 Wall. 457; *Knowles v. Gaslight Co.*, 19 Wall. 58; *Rape v. Heaton*, 9 Wis. 328, 332; *Price v. Ward*, 25 N. J. L. (1 Dutch.) 225; *Aldrich v. Kinney*, 4 Conn. 380; *Starbuck v. Murray*, 5 Wend. 148, 156; *Shumway v. Stillman*, 6 Wend. 447, 452; *Hall v. Williams*, 6 Pick. 232, 237; *Carleton v. Bickford*, 13 Gray, 591; *Pollard v. Baldwin*, 22 Iowa, 328; *Norman v. Cobb*, 15 Texas, 500; same case, 24 Texas, 551.) In Ohio it has been held that even if the foreign judgment granting a divorce to the husband, without jurisdiction of the wife, and while she

resided in Ohio, were sufficient to dissolve the marriage rela-
tion, still that such a judgment would not be any bar to an
action afterward brought by the wife in Ohio against her
said husband to procure alimony. (*Cox v. Cox*, 19 Ohio St.
502, and 20 Ohio St. 439.)

The defendants claim that the plaintiff cannot maintain
this action because she was not an actual resident, in good
faith, of this state for one year next preceding the filing of
her petition for alimony in this case, and cite as authority
therefor sections 640 and 649 of the civil code.

3. Action for ali-mony; resi-dence of wife.

(Gen. Stat. 757, 759.) Now except for the ab-
sence of the plaintiff from 8th January 1877 to
28th August 1877, while she was visiting her mother at At-
lantic City, N. J., and except for the absence of the defendant
from 5th March 1877 to 14th April 1877, while he was trav-
eling and procuring his said Utah divorce, etc., both parties
were actual and *bona fide* residents of the state of Kansas for
much more than one year next preceding the commencement
of this action. They were both residents of Kansas prior to
said absence, and were both residents when this action was
commenced. But for the purposes of this case we will sup-
pose that neither of the parties was a resident of Kansas for
the whole of the year next preceding the commencement of
this action: then may the plaintiff maintain this action?
We think she may. The statute provides that, "The wife
may obtain alimony from the husband without a divorce, in
an action brought for that purpose in the district court, for
any of the causes for which a divorce may be granted."
(Code, § 649.) There is no statute requiring that either party
shall be a resident of the state of Kansas in order that the
action for alimony may be maintained; and the statute re-
quiring a residence for one year on the part of "the plaintiff
in an action for *divorce*," does not apply in an action for *ali-
mony*. *Residence* forms no part of "any of the *causes* for
which a divorce may be granted;" nor is it mentioned in the
statute among such *causes*. (See § 639, civil code.) The
"*causes*, for which a divorce may be granted," are all sup-

posed to be founded upon *wrongs*, and not upon meritorious conduct.

The defendants claim that the judge below erred in refusing to permit them to go into the merits of the case, and to show that the allegations of the plaintiff's petition were false. We do not think however that any substantial error was committed in this respect. Upon a motion for alimony *pendente lite*, the merits of the action are not involved any further than is necessary for the purpose of ascertaining whether the plaintiff is or is not prosecuting her action in good faith. (2 Bishop Mar. and Div., §§ 384, 406a, 407.) Her petition should state a cause of action; and it should then be made to appear, *prima facie* at least, by evidence, or by the admission of the parties, that the parties were husband and wife, that the wife needed alimony *pendente lite*, and that she was prosecuting her action in good faith; and evidence might also be introduced to show the pecuniary and social condition of the parties, and the probable expenses of the litigation, for the purpose of determining the amount of alimony (including suit money) to be allowed *pendente lite*. All these things we think were sufficiently shown to entitle the plaintiff to the alimony allowed her. The causes alleged for the permanent alimony were "extreme cruelty," and "gross neglect of duty."

*4. Proceedings for alimony pendente lite.*

We do not wish to say anything now concerning the merits of the action. The judge below may have committed some errors in allowing B. A. Litowich to be cross-examined upon matters not given in evidence in his examination in chief, but if so the errors were wholly immaterial. Strike out all of the testimony of Litowich so given, and still the same result would necessarily follow. Strike it all out, and still there would be ample evidence to show that said Utah divorce was rendered without jurisdiction, and is therefore void.

We cannot say from the record brought to this court that the judge below erred in receiving in evidence the above-quoted letter. After an instrument in writing is offered in

30—19 KAS.

evidence, and before it is received, the adverse party is enti-
tled to an inspection thereof. We cannot say from the record
that the judge below disregarded this rule; but even if he
did, we cannot see in this particular case how it could have
worked any injury to the defendants.

It not appearing that the district judge committed any
substantial error, his orders granting alimony, etc., must be
affirmed.

All the Justices concurring.