JOHN V. BRINKMAN v. E. P. SHAFFER, *Administrator of the estate of F. M. Shaffer, deceased.*

1. PERSONAL JUDGMENT, *When Void.* Where a third person makes an appearance in a case ostensibly as the *agent* of the defendant, but without having any authority from the defendant for so doing, and jurisdiction of the defendant is not obtained in any other manner, and a personal judgment is rendered against the defendant, *held*, that such personal judgment is rendered without jurisdiction, and is void.

2. ———— And it makes no difference in such a case that the defendant may have known of the commencement and prosecution of the action.

3. ———— Nor can it make any difference that a deposition of the defendant was taken to be used in the case, when it is not shown for which party or for what purpose it was taken, or what testimony it contained, or that it was ever filed or used in the case, or what became of it.

### Error from Barton District Court.

AT the March Term, 1879, of the district court, *E. P. Shaffer*, as administrator of the estate of F. M. Shaffer, deceased, as plaintiff, recovered a judgment against *Brinkman*, as defendant, who brings the case to this court. The nature of the action, and the facts, appear in the opinion.

*William H. Dodge*, for plaintiff in error.

*Clayton & Clayton*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a transcript of a judgment rendered by a justice of the peace of Tuscarawas county, Ohio; and the principal question involved in the case is, whether said judgment, from the showing made in the court below, is valid or not. During the time within which the action was pending in Ohio, and at the time when said judgment was rendered, the defendant was a resident of Kansas, and was not within the jurisdiction of the state of Ohio. No summons was served on the defendant, either actually or constructively, and he made no appearance in the case. The plaintiff however claims that said judgment is nevertheless valid, because of an appearance in the case by a supposed agent and a supposed ratification of such appearance by the defendant himself. The evidence upon this subject is as follows: Said judgment recites that "Wesley M. Tracy, agent for defendant, appeared and acknowledged service of summons, order of attachment and notice to garnishee." Tracy himself was the garnishee. The record also recites: "Wesley M. Tracy, agent as aforesaid, appeared, and asked for a continuance for the purpose of procuring foreign

34—23 KAS.

testimony. Continuance granted without affidavit," etc. The defendant testified in this present action as follows:

"I formerly lived in Ohio. In 1874 I left there and came here to Kansas. At the time of leaving, I placed in the hands of W. M. Tracy some notes of mine for collection. He was then a justice of the peace. This is all the business I gave him to do. I never at any time authorized him to appear for me in any suit, or to accept service of process for me, or to waive any service of the same. I never sanctioned or ratified any act of his in appearing for me in this or any suit in Ohio. [*Upon cross-examination:*] I do remember now of appearing before an officer here in Great Bend, Kansas, and giving evidence in the case by deposition to be used in Ohio."

J. C., a witness introduced by the plaintiff, testified that in a certain conversation —

"The defendant used language which left the impression very strongly on my mind that he knew of this suit having been commenced against him in Ohio, and said that he knew Tracy had appeared for him there, and was a d—d fool for doing it."

There is nothing in the record before us showing that the justice of the peace in Ohio had jurisdiction of the defendant in this case. It does not appear that Tracy was an attorney at law, and probably he was not; but even if he was, he did not make any appearance in the case as an attorney at law. There is nothing to show that he was in fact an agent of the defendant for the purpose of making an appearance for him in that case, or in any other case; but, on the contrary, it was clearly shown that he had no such authority; and there is no presumption in favor of appearances by agents, or supposed agents, such as there is in favor of appearances made by attorneys at law. Even if the defendant knew that said suit in Ohio had been commenced, and was progressing against him, such knowledge could not give to the court jurisdiction over his person. Jurisdiction is not obtained in that manner. Jurisdiction *in personam* can be obtained only by service of process, or by voluntary appearance; and the defendant's

giving testimony (of which testimony we know nothing, it not having been brought to this court, or even shown in the court below) by deposition, in Kansas, to be used in the case in Ohio, by some unknown person, for some unknown purpose, does not give or prove jurisdiction. Such testimony might have been taken for the plaintiff's use, or it might have been taken to be used by the defendant on a motion to dismiss the action for want of jurisdiction, or it might have been taken for some other purpose not tending to give or to recognize jurisdiction; but however this might be, it does not appear that it was ever used in Ohio, or elsewhere. What the object of said testimony was, or what it proved or disproved, no one can tell. It does not appear that the deposition was ever filed in the case in Ohio, and what became of it is not shown.

We think said judgment is void so far as it was intended to affect the defendant personally. The court had no jurisdiction over the person of the defendant, and could not render a judgment *in personam* against him. Hence, the plaintiff cannot maintain the present action on said judgment. As to appearances without authority, see *Moore v. Wade*, 8 Kas. 380, 385; as to judgment rendered without jurisdiction, see *Chambers v. Bridge Co.*, 16 Kas. 270; *Litowich v. Litowich*, 19 Kas. 451; *Mastin v. Gray*, 19 Kas. 458, 461, *et seq.*

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.