Thorn v. Salmonson.

SOPHIA THORN v. SOPHIA SALMONSON.

1. FOREIGN JUDGMENT, *May be Attacked, When.* A foreign judgment rendered without jurisdiction of the person of the defendant, may be attacked in either a direct or a collateral proceeding in which the validity of the judgment is questioned.

2. No SERVICE, *Shown by Extrinsic Evidence.* Although a recital contained in a judgment that service was made on the defendant raises a strong presumption in favor of the truth of the recital and of the jurisdiction, yet the defendant may show by extrinsic evidence, if such be the fact, that no service was actually made.

*Error from McPherson District Court.*

THE opinion states the facts. At the November Term, 1885, the court overruled plaintiff's demurrer to defendant's answer, and sustained defendant's demurrer to plaintiff's reply. To reverse these rulings the plaintiff, *Sophia Thorn,* brings the case here.

*John McPhail,* for plaintiff in error.

*Simpson, Bowker & Travis,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding in error to reverse the rulings of the district court of McPherson county in overruling a demurrer to the answer of the defendant, and in sustaining a demurrer to the reply of the plaintiff, and in the judgment given against her. In her petition, the plaintiff substantially alleged that in 1852, at Jonkoping, in the kingdom of Sweden, she was married to Karl Johan Thorn, and that they lived together there as husband and wife until 1862, and had six children born to them, four of whom died in infancy; that in 1862 he separated from her and went into a distant portion of the kingdom of Sweden, where he obtained a pretended decree of divorce, which was procured without notice to her, and was void; that after the pretended decree of divorce was granted he married Sophia Carlsdotter, now Sophia Salmonson, and soon afterward they emigrated to America, and lived together as husband and wife in McPherson county, Kansas, until August 17, 1881, when he died; that at the time of his decease he was the owner of 160 acres of land in McPherson county, of the value of $5,000, and of personal property worth $2,000; that a will made by him in 1869, which bequeathed all his personal property to the defendant, was probated, and under which she took and appropriated all the personal property of which he died possessed; that after the death of Thorn the defendant took the proceeds of the sale of the personal property and purchased the interest of his two children in the real estate mentioned, and that since that time the defendant has been in the possession of the land, claiming the same as the widow and legal heir of Thorn. The plaintiff therefore asked that she be adjudged to be the lawful widow of Thorn, and entitled to all the property, real and personal, which belonged to the estate of the deceased, and the issues and profits of the same, and for an accounting.

The defendant answered that Karl Johan Thorn was legally divorced from the plaintiff in February, 1864, in one of the district courts of Sweden, and she attached to her answer an

authenticated copy of the decree. She further alleged that subsequent to the rendition of the decree, and while it was in full force and effect, she was legally married to Thorn in Sweden, and she set forth a copy of the marriage certificate, duly signed by the parish pastor. She further answered that the decree of divorce had been fully adjudicated in the courts of the kingdom of Sweden, and was duly affirmed by the court of highest resort in that kingdom, and she referred to and made a part of her answer an exhibit which embodies a transcript of the proceedings of the courts in that respect. The plaintiff demurred to the answer, alleging that it was insufficient to constitute a defense. The demurrer being overruled, she filed a reply in which she alleged in substance that she had never received any personal or other notice of the divorce proceeding, or of any of the proceedings referred to in the answer; that she never made any voluntary appearance or otherwise submitted her cause or any cause personal to her as the wife of J. C. Thorn, in any of the courts of the kingdom of Sweden. The court sustained a demurrer to the reply, on the ground that it did not state facts sufficient to constitute a defense to said answer. These two rulings are the ones upon which error is assigned.

The ruling upon the answer is certainly not erroneous. The averments there made show that a decree of divorce was granted by a regularly-constituted judicial tribunal of the kingdom of Sweden, and the decree is regular and valid upon its face. Both of the parties were natives and residents of the kingdom of Sweden, and were subject to its laws and to the process of its courts, at the time the action for divorce was pending and determined. The divorce was granted to Thorn on the ground that the plaintiff had abandoned him, and it is recited that notice by publication was given for a year and a night before the judgment of divorce was rendered, in accordance with law and the rules of the church; and this judgment was in full force and effect when Thorn and the defendant were married. If these averments are established, they will of themselves constitute a complete defense to the plaintiff's

action. But the answer goes farther, and states that in a subsequent proceeding the validity of the judgment of divorce was questioned and determined in the higher courts of that country, and in which both the plaintiff and defendant, as well as Thorn, appeared and were heard. It is there shown that at that time Thorn and the defendant were married, and the plaintiff then made known in that proceeding that she did not wish to change or disturb the marriage relation existing between Thorn and the defendant; and the supreme court of Sweden, before which the case was taken and heard, affirmed the divorce which had been granted. That decision was taken on appeal before his royal highness, where it was again affirmed. It requires no argument to demonstrate that these facts, if proven, completely answer the charges of the plaintiff.

The ruling made on the demurrer to the reply, however, cannot be sustained. While the judgment of divorce appears to have been granted by a competent tribunal which had jurisdiction of the subject-matter, as well as of the parties, and is therefore entitled to liberal presumptions, it is not so far conclusive as to preclude the plaintiff from showing that it was rendered without jurisdiction, or was fraudulently obtained. The reply specifically denies that the plaintiff was ever served with process, or had her day in court in any of the proceedings mentioned in defendant's answer. If in truth there was no service, personal or otherwise, and she had never been given an opportunity to be heard, she cannot be bound or affected by any of the orders or judgments made in those proceedings. A foreign judgment rendered without jurisdiction may be assailed in either a direct or a collateral proceeding. Although the recitals contained in the judgment that service was made raise a strong presumption in favor of the jurisdiction and of the truth of the recitals, yet the plaintiff may show by extrinsic evidence, if she can, that no service was actually made. Strong proof will be required to overthrow the presumption of jurisdiction raised by the recitals, but if it is clearly shown that the plaintiff was not served with process, and did not volun-

tarily appear or submit to the jurisdiction of the court, the recitals are of no value. (*Litowich v. Litowich*, 19 Kas. 451, and cases cited; *Mastin v. Gray*, 19 id. 458; *Pollard v. Baldwin*, 22 Iowa, 328; *Lazier v. Westcott*, 26 N. Y. 146; Freeman on Judgments, 588, *et seq.*)

The judgment of the district court will be reversed, and the cause remanded with the direction to overrule the demurrer filed against the plaintiff's reply.

All the Justices concurring.