GEORGE W. SELDERS v. MARY T. SELDERS.

**No. 369.**    (58 Pac. 1038.)

EVIDENCE—*Action for Alimony—Wife Incompetent Witness.* In actions for alimony without divorce, under article 28 of the code (Gen. Stat. 1897, ch. 96, §§ 53–71; Gen. Stat. 1899, §§ 4940–4955), the wife is not a competent witness in her own behalf.

Error from Lincoln district court; R. F. THOMP-SON, judge.   Opinion filed November 4, 1899.   Reversed.

*Geo. D. Abel*, and *David Ritchie*, for plaintiff in error.
*C. B. Daughters*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : This is an action for alimony, under the provisions of section 649 of the code (Gen. Stat. 1897, ch. 96, § 70 ; Gen. Stat. 1899, § 4952 ).   There was judgment for the defendant in error for $100 permanent alimony and $50 attorney's fee, and a specific chattel, a horse, claimed to be the separate property of the plaintiff, upon which judgment the petition in error is based.

The first assignment of error is that the court erred in refusing the defendant a jury as of right.   Our conclusion upon this contention is that the action for alimony under this article of the code is not an action for the recovery of money or for the recovery of specific personal property, within the meaning of the code.

The second assignment of error is that the court erred in permitting Mary T. Selders to testify in her own behalf.   The provisions of section 323 of the code (Gen. Stat. 1897, ch. 95, § 334 ; Gen. Stat. 1899, § 4586) exclude the wife from testifying in her own behalf in any case against her husband.   Unless the provisions of section 651a of the code (Gen. Stat. 1897, ch. 96, § 59 ; Gen. Stat. 1899, § 4955) apply to cases of alimony, she was incompetent to testify in her own behalf.   We are inclined to the view that every provision of article 28 of the code should apply to actions for alimony alone as well as to actions for divorce and

alimony.   But the supreme court, in the case of *Litowich v. Litowich*, 19 Kan. 451, held to the contrary. In that case it was held that the provisions of section 640 of the code (Gen. Stat. 1899, § 4941) do not apply to actions for alimony without divorce, as provided in section 649.   The provision of section 651a above referred to explicitly confines its operation to actions for divorce only, as does section 640.   Hence, we are constrained to say that the wife is not relieved of the disability imposed by section 323 of the code in actions for alimony, and it was error to permit her to testify.

The third assignment of error is based upon the admission of letters of Kate Selders "for the purpose of impeaching the witness George W. Selders and to prove the allegations of the petition with reference to the property involved in the action." Some parts of these letters were admissible upon the cross-examination of the defendant, for the purpose of showing that he knew that his daughter Kate was not claiming property which she testified belonged to her, but the most of the letters were wholly irrelevant and immaterial to the issues in the case; however, the action having been tried to the court without a jury, and it not appearing that the judgment of the court was based upon these letters or influenced thereby, the error in their admission becomes immaterial.   As has often been said, it is seldom that the admission of evidence in the trial of actions to the court will necessitate a new trial.

The fourth assignment of error is that the court overruled the defendant's demurrer to the plaintiff's evidence.   While it is true that the evidence of the misconduct of the husband, the basis of the plaintiff's right to alimony under the statute, is exceedingly meager, yet we cannot say that there was an entire

lack of evidence to support the allegations of the petition. Permitting the plaintiff to testify in her own behalf was such an error as requires a reversal of the judgment, and, therefore, we hold that the court erred in denying the plaintiff's motion for a new trial.

The judgment is reversed, and the case remanded with directions to grant a new trial to the defendant, to be had in accordance with the views herein expressed.