244

No. 28,909.

JULIA G. PAUL, *Appellant,* v. JOHN BUTLER et al., *Defendants;* W. P. MCKELVEY, as Administrator of the Estate of John Paul, Deceased, and W. W. POTTER, as Probate Judge of Marshall County, *Appellees.*

Opinion filed December 7, 1929.

*W. Glenn Hamilton, Oscar Raines, Ralph Glenn* and *Iva Glenn,* all of Topeka, for the appellant.

*W. J. Gregg, E. M. Gregg,* both of Frankfort, and *W. W. Redmond,* of Marysville, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This case is here on appeal taken by the plaintiff from the ruling of the trial court in sustaining a demurrer by one of the defendants to the petition and overruling the demurrer of the plaintiff to the answer of another defendant. There is also a motion to dismiss the appeal because it is claimed the matters involved have become moot since the appeal was filed in this court.

The plaintiff, as creditor and heir at law of her husband, commenced this action in the district court of Marshall county against her husband, the administrator of the estate of the father of her husband, the probate judge of the county, and a man by the name of Butler, whose claim against the estate of the deceased father-in-law had been allowed, and the administrator was about to sell the real property of the deceased in the county to satisfy that claim. The plaintiff claims fraud and conspiracy in the allowance of the claim and that she had an attachment lien on the real property and an inchoate interest in it by virtue of being a judgment creditor and heir at law of her husband, who was the sole heir of his father now deceased. The prayer of the petition is for an injunction against the several defendants enjoining and restraining them from taking further steps or proceedings toward the sale of the property, for an order setting aside and canceling the alleged claim of Butler, and the orders allowing the same and directing the sale of the property of the deceased, and the prayer concludes with a request for an order quieting the title of plaintiff to the real property as an attachment creditor and heir at law of her husband.

In addition to and in connection with the allegations of the pe-

tition as to fraud and conspiracy, she sets out and attaches to her petition authenticated copies of the Butler judgment and revivor thereof from a court in Pennsylvania, which she alleges show on their face that the revivor is void and should never have been recognized or received by the administrator and probate judge as a basis for a claim against the estate of her father-in-law.

The demurrer to the petition was filed by the probate judge largely upon the ground that the district court had no jurisdiction over him as an officer, or over the subject matter, and that the petition disclosed there was another action pending in the probate court involving the same matters. The answer of the administrator admitted many formal matters and further denied generally all other allegations of the petition, specially denied the allegations as to fraud and conspiracy, and further alleged that the judgment rendered in probate court in favor of Butler on the certified papers from Pennsylvania, as described in plaintiff's petition, was valid and regular. The demurrer to this answer, although general, was evidently not directed to the general denial or the specific denials, but only to the allegations as to the Butler judgment and the papers upon which it was based.

The motion to dismiss the appeal shows that since the filing of the appeal in this court execution has been issued in the attachment case, the lots in question have been sold to plaintiff herein for the full amount of her judgment and interest, that a junior creditor of her husband has redeemed them from such sale by paying into court the purchase price with interest and costs, and the plaintiff herein has received and receipted for the full amount of her judgment and costs. It is also shown that there is no other real estate belonging to the estate. The death of the husband of plaintiff is mentioned in one of the briefs as having occurred since the appeal was taken, but this is not shown in the motion. It is urged that since the collection of the judgment the plaintiff is no longer a judgment creditor of her husband and now has no attachment lien, and that the Butler claim no longer interferes with her right to any of the real property of the estate of her father-in-law, as it has all been disposed of and exhausted, and that this condition of affairs renders further proceedings herein moot.

It is undoubtedly correct that she no longer has any rights as creditor or any reason for enjoining the sale or disposal of this or any other real estate as the estate is not now possessed of any real

property. But she still has an inchoate interest in the property or share of her husband, if he is still living, in the estate of his father and an actual interest therein as heir at law, if her husband is now deceased. And while there may be no real estate to be affected by the Butler judgment, there may be personal property belonging to the estate of her father-in-law in which, or the proceeds of which, she might very properly claim a right as heir at law and endeavor to prevent its being subjected to the payment of an unjust or illegal claim, especially under such allegations of fraud and conspiracy as are contained in this petition.

We think that notwithstanding the elimination of the features of judgment creditor, lien on real estate and real property generally, yet the plaintiff still has under her pleadings a right to have determined in this appeal the question of the sufficiency of the pleadings with reference to the validity of the Butler claim in connection with the allegations of fraud and conspiracy. The motion to dismiss the appeal will be overruled.

On the demurrer to that part of the answer of the administrator alleging the validity of the Butler claim and judgment, as described in plaintiff's petition, it is admitted that the original judgment rendered in a Pennsylvania court in 1901 was valid, and no question is raised as to the regularity of the garnishment proceedings in the same court two years later where $357 was collected and applied on the judgment, but appellant insists that the attempted revivor of the judgment in 1925, twenty-two years after the last proceeding was had in connection therewith, as shown by the record submitted, was void and that the certified copies of such proceedings show on their face that the judgment was void and consequently the judgment rendered thereon in the probate court is also void.

Appellee urges the recognition of the full faith and credit clause of the constitution of the United States, and also that the probate court of Marshall county had jurisdiction of the parties and the subject matter and therefore a judgment rendered therein cannot be questioned except by appeal and cannot be attacked collaterally. The constitutional clause is, and should be, recognized without limitation, except for want of jurisdiction and the enforcement of a penalty, but if there is a want of jurisdiction either of the subject matter or the person, the judgment is absolutely void and can be attacked collaterally.

"The obligation to accord full faith and credit to a valid judgment, other

than lack of jurisdiction of the person or subject matter, or for the enforcement of a penalty, is without limitation.

"If the court which rendered a judgment or decree had no jurisdiction of the person of defendant, or of the subject matter of the action, the judgment, being therefore void, is for that reason not entitled to recognition or enforcement in another state, and consequently cannot be made the basis on which to found an action on such judgment in another state. The same is true where, although jurisdiction originally attached, it was definitely lost before the rendition of the judgment and not restored. This rule, in its application to the judgments of sister states, is in no way modified by the full faith and credit clause of the federal constitution, or the act of congress passed in pursuance thereof. It follows that, where the record shows on its face that the court rendering the judgment had no jurisdiction, there can be no recognition of the judgment in another state." (34 C. J. 1127, 1138, 1139, 1140.)

Appellee cites some well-considered cases where the statute of limitations had more than run before any effort was made to revive, but none going so far as this case where it appears to have been dormant about seventeen years. Passing this matter without deciding whether this long delay should have prevented the revivor of the judgment in Pennsylvania and the recognition of such judgment in the probate court, we cannot overlook the jurisdictional question in the revivor proceedings in the Pennsylvania court. The papers show that the judgment debtor, John Paul, was dead, without one word concerning his last residence to give jurisdiction to the court to appoint an administrator. The appointment was made of an administrator *de bonis non,* without reference to the necessary preceding administration nor anything as to how or when the office of administrator became vacant, whether by death, resignation or removal. Can it be that an admitted former administration can be shifted on to the shoulders of another without naming the former administrator, or the fact of a vacancy? We know of no such procedure, and appellee has not cited us to any such precedent.

"Administrators *de bonis non administratis* are, as the term signifies, persons appointed by the court of probate to administer on the effects of a decedent which have not been included in a former administration. To warrant the appointment of such an administrator, the administration must be vacant. Otherwise the appointment is absolutely void, and may be so declared, even in a collateral proceeding." (11 R. C. L. 419.)

It might have been different with an ancillary administrator, but his duties are limited to the collection of local claims due the estate. The application made by Butler for such appointment,

instead of basing the request upon a showing of property belonging to the estate that had not been administered upon by the former administrator, positively showed that the only purpose for the appointment was to get service to revive his judgment, which has never been a valid reason for the appointment of an administrator of any kind, much less one *de bonis non.*

We have no difficulty in concluding from the certified copies set out in the record, and referred to by the defendant administrator in his answer, that such papers on their face show the revivor judgment was rendered without jurisdiction and that the pretended judgment of revivor certified to Marshall county was absolutely void for want of jurisdiction. The demurrer of the plaintiff to that part of the answer of the defendant administrator should have been sustained.

Was there error in sustaining the demurrer of the probate judge to the petition? All the good and logical reasons assigned by the appellee in support of the ruling of the trial court as to the jurisdiction of the probate court and the force and effect of judgments rendered therein can be conceded, and still there is another feature of serious moment in connection with the allegations of fraud and conspiracy, and that is the matter of the general supervision the district court has over the probate court to prevent and correct errors and abuses, as authorized by R. S. 20-301, the last part of which is as follows: The district court "shall have a general supervision and control of all such inferior courts and tribunals, to prevent and correct errors and abuses."

The petition in this case in connection with the allegation of fraud and conspiracy alleges in effect that because of such conspiracy of such officers, including definite mention of the probate judge, she cannot expect her rights to be fully protected in that court. Whether there ever was any such conspiracy, in fact, is not now before us. We are only concerned with the allegation of its existence at this time, and we are prepared to say that if it did exist, as alleged, the plaintiff should not be limited in the trial of this and other issues here involved, to its exclusive jurisdiction, but it would be just and proper for the district court to assume and retain jurisdiction of this case under the facts alleged in the petition.

We conclude that the demurrer of the probate judge to the plaintiff's petition should have been overruled.

"In addition to its appellate jurisdiction the district court is vested with

authority to supervise and control inferior courts and tribunals in order to prevent and correct errors and abuses." (*In re Petitt,* 84 Kan. 637, syl. ¶ 2, 114 Pac. 1071. See, also, *In re Hipple,* 124 Kan. 3, 4, 256 Pac. 1015; *Bishop v. Fischer,* 94 Kan. 105, 108, 145 Pac. 890; *State, ex rel., v. Howat,* 109 Kan. 376, 393, 198 Pac. 686; *Foundling Hospital v. Harrington,* 113 Kan. 521, 524, 215 Pac. 303; *State v. Startzman,* 111 Kan. 136, 140, 205 Pac. 1026; 15 C. J. 1026; *Leslie v. Manufacturing Co.,* 102 Kan. 159, 169 Pac. 193.)

The rulings of the trial court are reversed, and the cause is remanded with instructions to overrule the demurrer to the petition and sustain the demurrer to that portion of the answer of the administrator with reference to the revivor judgment being valid.