No. 31,941

THE ALLIS CHALMERS MANUFACTURING COMPANY, *Appellee*, v. D.
B. LEWELLING, as an Individual, and as THE LEWELLING GRAIN
COMPANY, *Appellant*.

(41 P. 2d 1032)

Opinion filed March 9, 1935.

*D. W. Buckner*, of Enid, Okla., for the appellant.

*F. N. Cossman*, of Ashland, *Austin M. Cowan, C. A. McCorkle, J. D. Fair,
W. A. Kahrs* and *R. H. Nelson*, all of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: While the parties disagree as to the nature of the action in this case, it appears to have originated as one for conversion of wheat, upon which plaintiff claimed to have a chattel mortgage. Plaintiff alleged defendant purchased the wheat from the mortgagor, George Kenneck, after it had notice of plaintiff's mortgage. Plaintiff recovered judgment for the value of the wheat, and defendant appeals.

The mortgagor, Kenneck, was not a party to this action, but was a party to two other actions involving Kenneck and the plaintiff herein. The present action is an outgrowth of those disputes, and

the facts in those cases, to the extent they bear on the issues before this court, will be briefly stated.

It appears Kenneck had purchased farm machinery from plaintiff, executing in payment thereof five promissory notes secured by a mortgage on the machinery; that on January 23, 1931, there was due and owing from Kenneck to plaintiff on these notes the sum of $2,934.67. On this date the indebtedness was extended to June 15, 1931. As consideration for the extension, Kenneck executed to plaintiff a chattel mortgage on growing wheat in Harper county, Oklahoma, which mortgage was duly recorded in Oklahoma. The mortgage was not recorded in Kansas.. On June 16, 1931, the indebtedness being due and unpaid, this plaintiff filed an action, No. 3453, in Clark county, Kansas, against Kenneck, asking judgment on the indebtedness and foreclosure of the mortgage on the machinery. A receiver was appointed and took possession of the machinery. Kenneck filed an answer on December 8, 1931, in which he alleged an oral extension of the indebtedness until after harvest, and set up failure of consideration for the mortgage on the Oklahoma wheat. This action was determined adversely to Kenneck on March 2, 1932.

While the above mentioned action, No. 3453, was pending in Clark county, and on July 1, 1931, Kenneck filed an action, No. 3176, in Harper county, Oklahoma, against the plaintiff in the above action for cancellation of the mortgage on the Oklahoma wheat, the grounds for cancellation being an assertion of the same facts set up by Kenneck as a defense to the Clark county action, namely, extension of the indebtedness until after harvest and failure of consideration by reason of the Clark county action, No. 3453, having been prematurely brought.

The Oklahoma court appointed a receiver, who took charge of the wheat. Kenneck took steps to procure service by publication, and on October 27, 1931, the district court of Oklahoma rendered judgment for the plaintiff, Kenneck. This judgment canceled the chattel mortgage and directed the receiver to deliver the wheat to Kenneck.

In July, 1931, the Oklahoma receiver stored the wheat in Kansas with the Lewelling Grain Company at Englewood. During the same month, and before the wheat was so stored, the attorney for the plaintiff, the Allis Chalmers Manufacturing Company, notified the grain company that it claimed the wheat under the chattel mortgage.

The grain company ignored the notice, and the action which is now before this court followed.

The plaintiff alleged the facts of the extension of the indebtedness, execution of the mortgage on the Oklahoma wheat and the first action between plaintiff and Kenneck. The defendants answered, alleging the jurisdiction of the Oklahoma court, and set up the Oklahoma judgment canceling the mortgage. Plaintiff replied, denying the allegations of the answer inconsistent with plaintiff's petition; denied the validity of the appointment of the receiver by the Oklahoma court; alleged the affidavit for publication service was void and was not filed according to law and was insufficient to give the court jurisdiction; that the publication notice was void and insufficient as a basis of service by publication under the laws of Oklahoma; that the service by publication was without force or effect; that the Oklahoma court had no jurisdiction of either the subject matter or of the defendants, and that the proceeding in Oklahoma was not *in rem* but one *in personam;* that the judgment and proceedings in the district court of Harper county, Oklahoma, and each and every step therein taken, were void. Plaintiff further replied the wheat was placed in defendant's elevator in Kansas and defendant had knowledge of plaintiff's claim; that the Oklahoma receiver had no authority in Kansas.

Plaintiff's evidence consisted of the files and transcript in the first Clark county action, No. 3453, the original mortgage and some oral testimony of notice to defendant and as to value of the wheat. Defendant introduced authenticated copies of the records in the Oklahoma case. Excepting oral testimony of notice and value of wheat, the evidence was all documentary, consisting of the pleadings, order and exhibits in the first two actions involving this plaintiff and Kenneck.

Trial was by the court, which overruled defendant's demurrer to plaintiff's evidence, and rendered judgment November 9, 1933, for plaintiff.

Defendant says the court erred in overruling defendant's demurrer to plaintiff's evidence, in refusing to give full faith and credit to the Oklahoma judgment and in rendering judgment for plaintiff.

The plaintiff makes an argument here in line with the allegations of its reply, which has been heretofore noticed. The first argument

is that the order appointing a receiver was void. Plaintiff points out the action was filed July 2, 1931. The order appointing the receiver was made July 1, 1931. It will be seen the receiver was appointed at a time when there was no action pending. Plaintiff argues that on this account the order was void.

The case of *In re Sharp*, 87 Kan. 504, 124 Pac. 532, is relied on. In that case a temporary injunction was issued two or three days before the action in which the injunction asked for was filed. This court examined the provisions of the code, which provide for a temporary injunction at the time of commencing the action, and held that since the injunction was issued before the action was commenced it was void. The statutes provide that a receiver may be appointed at or after the commencement of an action. (See Okla. Stat. 1931, § 773.)

Following the rule laid down in the case of *In re Sharp*, supra, we have concluded the order appointing the receiver in this case was void.

The petition in the Harper county case was filed July 2, 1931. No attempt was made to get service by publication until September 23, 1931. This was more than sixty days after the filing of the petition. Section 164 of the Oklahoma Statutes of 1931 provides that a civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued. In cases where service by publication is proper, an action may be commenced by filing a petition with an affidavit for publication, provided the service is duly perfected, by commencing the publication of such notice within sixty days after filing the petition. (See *Raymond v. Nix, Halsell & Co.*, 5 Okla. 656, 49 Pac. 1110.)

In the case of *Jones v. Warnick*, 49 Kan. 63, 30 Pac. 115, this court held that where the petition had been filed and no summons had been issued or no publication notice had been filed then the suit had not been commenced, and an order of attachment issued in the meantime was void. Where the question is the time when the filing of an action stops the running of the statute of limitations, the Oklahoma Statutes provide that an action shall be deemed commenced at the date of the first publication and that—

"An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party

faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days." (Okla. Stat. 1931, § 103.)

The Kansas Statutes contain a similar provision. This court has held in cases that did not involve the statute of limitations that where the publication was made after the filing of the petition it related back to the time of the filing of the petition, provided it was made within sixty days of the filing of the petition. (See *Bannister v. Carroll*, 43 Kan. 64, 22 Pac. 1102.) We conclude, therefore, that no action was commenced in the district court of Harper county, Oklahoma, against the plaintiffs in this case.

The defendants here argue that when the receiver took possession of the *res*—in this case, the wheat—the court had jurisdiction to make disposition of the wheat, even though the court had no jurisdiction in the original case. We have just seen, however, that the order appointing the receiver was void because there was no suit pending when the receiver was appointed.

Let us see further what happened in this case. The receiver took possession of the wheat and stored it in the elevator of defendant in Kansas. Section 183 of the Oklahoma Statutes of 1931 provides, in part, as follows:

"Service may be had by publication in any of the following cases: . . . in actions which relate to, or the subject of which is, real or personal property in this state where any defendant has or claims a lien or interest, actual or contingent therein, or the relief demanded consists wholly or partly in excluding him from any lien or interest therein, and such defendant is a nonresident of the state or a foreign corporation."

It is under the above provision that the action in Oklahoma was brought and service by publication attempted. What was the situation in that case when the first publication notice was made in 1931, on September 24? There was no property in Oklahoma to form a basis for service. It had all been moved to Kansas. Hence, there was lacking a necessary element to enable the plaintiff in that action to obtain service by publication. The jurisdiction of the court of Oklahoma to adjudicate the questions in this case depended on the location of property of the defendants in that state within the jurisdiction of the court.

In the case of *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565, the supreme court held:

"A personal judgment rendered in a state court, in an action upon a money demand against a nonresident of the state, without personal service of process

upon him within the state or his appearance in the action upon service by publication is without any validity; and no title to property passes by a sale under an execution issued upon such a judgment.

"The state, having within its territory property of nonresidents, may hold and appropriate it to satisfy the claims of its citizens against them; and its tribunals may inquire into their obligations to the extent necessary to control the disposition of the property. If nonresidents have no property in the state, there is nothing upon which the tribunals can adjudicate.

"Process from the tribunals of one state cannot run into another state, and summon parties there domiciled to leave its territory and respond to proceedings against them; and publication of process or notice within the state in which the tribunal sits cannot create any greater obligation upon the nonresident to appear. Process sent to him out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability." (24 L. Ed. 565, headnotes 2, 3, 5.)

It will be noted that the Oklahoma Statutes, upon which plaintiff in that case depends for the right to secure service by publication, provided that such service may be had when there is property of the person sought to be charged within the state. Thus, the court of Harper county, Oklahoma, was without jurisdiction, both under the statutes of its own state and the decisions of the courts.

Defendant here argues that since the Oklahoma court held it had jurisdiction, such an adjudication cannot be questioned in a collateral proceeding such as this unless the lack of jurisdiction appears on the face of the judgment. The jurisdiction, however, of a court by which a judgment is rendered in any state may be questioned in a collateral proceeding in another state, and notwithstanding the averments contained in the record itself.

In *Thompson v. Whitman*, 18 Wall. 457, 21 L. Ed. 897, it was held:

"Neither the constitutional provision that full faith and credit shall be given to each state to the public acts, records and judicial proceedings of every other state, or the act of Congress passed in pursuance thereof, prevents an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered.

"The record of a judgment rendered in another state may be contradicted as to the facts necessary to give the court jurisdiction; and if it be shown that such facts did not exist, the record will be a nullity, notwithstanding it may recite that they did exist.

"Want of jurisdiction may be shown, either as to the subject matter or the person, or in proceedings *in rem* as to the thing." (Syl. ¶¶ 1, 2; 3.)

See, also, *Litowich v. Litowich*, 19 Kan. 451; *Brinkman v. Shaffer*, 23 Kan. 528; *Paul v. Butler*, 129 Kan. 244, 282 Pac. 732.

From an examination of the record in this case we have reached the conclusion that at the time the action was taken to obtain serv-

ice by publication upon plaintiff here in the district court of Harper county, there was no property of defendant in that case within the state of Oklahoma. Since this is true, that court was without jurisdiction to render any judgment in that case. When the plaintiff in this case found the wheat in Kansas it had a right to proceed against it just as if nothing had happened in Oklahoma. That is what was done in this case.

The judgment of the trial court is affirmed.