No. 45,571

State of Kansas, *Appellee,* v. Elmer McDaniel Duke, *Appellant.*

(468 P. 2d 132)

Opinion filed April 11, 1970.

*James F. Foster,* of Wichita, argued the cause, and was on the brief for the appellant.

*James Z. Hernandez,* deputy county attorney, argued the cause, and *Kent Frizzell,* attorney general, *Keith Sanborn,* county attorney, and *Russell E. Grant,* deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The defendant, Elmer McDaniel Duke, has appealed from his conviction of the offense of unlawful possession of a pistol after having previously been convicted of grand larceny (K. S. A. 21-2611).

When his case came on for trial June 13, 1968, defendant waived a jury, and the matter was tried to the court. Defendant stipulated he possessed a pistol, as charged, leaving at issue his former conviction.

The state's evidence consisted of a certified copy of records on file with the Alabama Board of Corrections which included a copy of "Judgment entry and Sentence" certified by the clerk of the circuit court of Russell county, Alabama, showing defendant had been convicted in 1946 of grand larceny and sentenced to the penitentiary for fifteen months. The journal entry recited the defendant appeared before the court in person "and by Attorney," at which time he pleaded guilty as charged. After introduction of the exhibit, defendant's counsel requested a continuance until he could secure copies of records from the office of the clerk of the circuit court in Alabama which he claimed indicated defendant had not had the benefit of counsel. A continuance was denied; whereupon, the defendant took the stand, admitted his prior conviction in Alabama, but denied that he had an attorney when he entered his plea of guilty. Defendant then renewed his motion for a continuance until he could secure the additional records from the Alabama court, but the motion was denied. Thereupon, the court found the defendant guilty as charged.

On July 3, 1968, the court heard oral argument on defendant's motion for a new trial, or in the alternative, for acquittal. By this time defendant's counsel had received the additional records of the Alabama proceedings and introduced them into evidence. Among the records was a docket sheet on which a space was provided for the listing of the parties' attorneys. The only entry was "A. S. Borders, Solicitor." Likewise, nothing was said about the defendant being represented by counsel in the court's minutes which were signed by the circuit judge. Defendant's motion was overruled and the trial court sentenced him to a term not exceeding five years in the Kansas State Penitentiary pursuant to K. S. A. 21-2611.

Although on appeal defendant urges that the district court erred in denying his requests for continuance, he concedes that at the hearing on his motion for new trial he presented all the evidence he would have presented, had the continuance been granted. Since the court had the opportunity to consider and weigh the additional records in light of the evidence already admitted in the initial proceedings, there was no reversible error as a result of the court's rulings on the motions for continuance.

The sole question remaining for determination is whether or not the state sustained the burden of proving beyond a reasonable doubt that the defendant had a prior grand larceny conviction in Alabama at which time he was represented by an attorney.

Proof that a defendant has previously been convicted in this state, or elsewhere, of one of the enumerated offenses is a necessary element of the crime defined by K. S. A. 21-2611. Among the offenses listed is that of grand larceny, of which defendant was admittedly convicted in Alabama. We have held that records certified by a warden or director of a penal institution in which defendant served may be used as proof of a previous conviction for the purpose of enhancing punishment under K. S. A. 21-107a. (*State v. Eaton,* 199 Kan. 610, 433 P. 2d 347, and authorities therein cited.) We know of no reason why a prior conviction should not be provable by the same type of evidence when a defendant is charged with violation of K. S. A. 21-2611.

*Gideon v. Wainwright,* 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733, established the rule that the right to counsel guaranteed by the sixth amendment was applicable to the states by virtue of the fourteenth amendment, thus making it constitutionally impermissible to try a person for a felony in a state court unless he had an attorney or validly waived one. That ruling has been given retroactive application.

In *Burgett v. Texas,* 389 U. S. 109, 19 L. Ed 2d 319, 88 S. Ct. 258, the United States Supreme Court made it clear that a conviction obtained in violation of *Gideon* was void and could not be used against a person either to *support guilt* or *enhance punishment* for another offense. That case dealt with a Texas prosecution wherein the indictment under Texas recidivist statutes also alleged prior convictions, one of which was a Tennessee conviction for forgery. Two records of the Tennessee conviction were offered in evidence by the prosecution—the first of such records showing that the de-

fendant had not been represented by counsel, and the second record omitting any reference to counsel or the waiver thereof. The supreme court held that each of the records on its face raised a presumption that defendant was denied his right to counsel and, therefore, the Tennessee conviction was void. The court admonished that presuming waiver of counsel from a silent record is not permissible.

As a result of *Burgett,* a record of prior felony conviction which is silent or ambiguous concerning the presence of counsel or the valid waiver thereof is presumptively void, and it alone cannot form the basis for establishing a valid conviction as an element of K. S. A. 21-2611, or for imposing enhanced punishment under the habitual criminal act (K. S. A. 21-107a). (See, *Oswald v. Crouse* [No. 215-68, 10th Cir., Dec. 31, 1969], 420 F. 2d 373.)

The rule announced by this court in *State v. Engberg,* 194 Kan. 520, 400 P. 2d 701, cert. denied, 383 U. S. 921, 15 L. Ed. 2d 676, 86 S. Ct. 899, to the effect that a defendant is precluded under the full faith and credit clause of the United States Constitution from attacking a foreign conviction on the basis he was denied right to counsel no longer has constitutional vitality to prevent a collateral attack upon the judgment. The failure of a state court to observe the due process requirement of right to counsel deprives that court of jurisdiction and renders a judgment of conviction void. (See, *McCarty v. Hudspeth,* 166 Kan. 476, 201 P. 2d 658.) A judgment is always subject to collateral attack for lack of jurisdiction. (*Thorn v. Salmonson,* 37 Kan. 441, 15 Pac. 588.) A collateral attack of a judgment rendered in violation of the rule established in *Gideon v. Wainwright,* supra, does not offend the principle of full faith and credit. The full faith and credit clause does not apply to a judgment rendered in a sister state without jurisdiction. (*Paul v. Butler,* 129 Kan. 244, 282 Pac. 732.) If the court of the sister state had no jurisdiction, its judgment is void and is not entitled to full faith and credit. (See, *Smith v. Crouse,* 298 F. Supp. 1029 [D. C. Kansas, 1968], Affirmed, 413 F. 2d 979 [10th Cir., 1969]; *Oswald v. Crouse,* supra; Goodrich, Conflict of Laws, § 209, p. 395 [4th Ed., 1964].) Accordingly, *State v. Engberg,* supra, and those decisions adhering to the rule expressed in syllabus ¶ 2 of the opinion are overruled.

Here, unlike in *Burgett* and *Engberg,* we have a journal entry of judgment and sentence showing on its face defendant had counsel at the time he pleaded guilty in Alabama. The presumption in

favor of the validity of the foreign judgment and of the truth of the recitals in the journal entry attached. (*Thorn v. Salmonson,* supra.) The burden was upon the defendant to show the journal entry was incorrect and that he, in fact, did not have the benefit of counsel at his prior conviction. (*State v. Jefferson,* 204 Kan. 50, 460 P. 2d 610; K. S. A. 60-414 [a].)

The trial court, as trier of the facts, apparently concluded the defendant's evidence did not clearly show the inaccuracy of the recital "and by Attorney," and hence, the presumption of validity was not overcome. Contrary to defendant's contention, we will not reweigh the evidence or pass on the credibility of the defendant's testimony; that was the function of the trial court. In considering the sufficiency of evidence to sustain the conviction, this court looks only to evidence favorable to the decision, and if the essential elements of the charge are sustained by any legally admitted evidence, the conviction stands. (*State v. Scott,* 199 Kan. 203, 428 P. 2d 458.) Here, there was sufficient, competent evidence to support the trial court's determination of a valid prior conviction at which defendant was represented by counsel.

The judgment is affirmed.