No. 41,543

LEROY COPPAGE, *Petitioner*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Respondent*.

(347 P. 2d 400)

Opinion filed December 12, 1959.

*Leroy Coppage*, petitioner, *pro se*.

*J. Richard Foth*, Assistant Attorney General, argued the cause, and *John Anderson, Jr.*, Attorney General, was with him on the briefs for the respondent.

The opinion of the court was delivered by

JACKSON, J.: This is an original petition for habeas corpus. The petition prepared by petitioner, an inmate of the penitentiary at

Lansing, is not a work of legal art. Under the circumstances, we have given the petition the most liberal construction possible, but must say at the outset that we fail to find any ground for the allowance of the writ.

Petitioner was arraigned on October 2, 1943, and charged with the crime of grand larceny in the Sedgwick county district court. When it appeared petitioner had no counsel, the judge promptly appointed a regularly practicing member of the bar to represent him. On October 22, 1943, petitioner was tried on the above charge and found guilty by a jury. On November 5, 1943, the court overruled petitioner's motion for new trial and sentenced him to a term of twenty-five years in the penitentiary under the provisions of the habitual criminal act, then appearing as G. S. 1941 Supp. 21-107a. The journal entry of judgment recites that petitioner's court appointed counsel was present and represented him in all of these proceedings. It is also shown that from the evidence before the court and as admitted by petitioner when he testified in his own behalf at the trial, petitioner had been convicted of three prior felonies and had served a sentence in the Kansas penitentiary and two sentences in the Missouri penitentiary.

We interpret the petition to attempt to raise two questions; first, that the habitual criminal act is unconstitutional; and second, that at least two of the prior sentences for which petitioner served in penitentiaries were void and therefore section 21-107a could not be applied to him.

As to the first contention as to the validity of the statute, the contention is absolutely without merit. This court has many times upheld the statute and similar statutes have been sustained by the Supreme Court of the United States and the courts of other jurisdictions (See *Scott v. Hudspeth,* 171 Kan. 320, 232 P. 2d 464, and cases cited; 25 Am. Jur. 261, § 3 *et seq.*).

The second question is raised by the petitioner as follows:

"The conviction from Crawford county, City of Girard, Kansas, in January, 1937, and the conviction from Henry county, City of Clinton, Missouri, January, 1940, this petitioner did not have counsel and did not sign a waiver or anything stating that he did not want counsel. This petitioner has got certified copies of the informations and journal entries of these two before courts showing that this petitioner did not have an attorney or any kind of counsel to represent him in the before mentioned convictions."

Apparently petitioner is relying in the first instance on the statute now appearing as G. S. 1957 Supp. 62-1304. Petitioner may not be

so advised but the statute read quite differently in 1937 at the time of the Kansas judgment which he attacks. In *Crisp v. Hudspeth,* 162 Kan. 567, 178 P. 2d 228, the court said at page 569:

"In considering petitioner's contentions we follow the rule often stated, that where a petitioner in a habeas corpus proceeding attacks the judgment against him on the ground his constitutional rights have been violated, the burden of proof is upon him to establish the facts relied upon as having that effect. See *Bissell v. Amrine,* 159 Kan. 358, syl. ¶ 2, 155 P. 2d 413, certiorari denied 324 U. S. 875, 65 S. Ct. 1013, 89 L. Ed. 1428, rehearing denied 325 U. S. 894, 65 S. Ct. 1190, 89 L. Ed. 2005. See, also, the opinion in *Downs v. Hudspeth,* this day decided (post, p. 575). And it has also been held that where a person accused of a crime has been sentenced following his plea of guilty, the judgment, when collaterally attacked, carries with it a presumption of regularity. See *Brewer v. Amrine,* 155 Kan. 525, 127 P. 2d 447, certiorari denied 317 U. S. 702, 63 S. Ct. 525, 87 L. Ed. 561. We note also our decisions to the effect that the mere fact a journal entry of judgment, in a case tried prior to the change in the criminal code of 1941, may have recited that defendant was without counsel, is not to be held to show that he was deprived of counsel. See *Garrison v. Amrine,* 155 Kan. 509, 126 P. 2d 228, certiorari denied 317 U. S. 630, 63 S. Ct. 51, 87 L. Ed. 509; *Hill v. Hudspeth,* 161 Kan. 376, 168 P. 2d 922."

A fortiori, section 62-1304 has never had any application to the courts of the state of Missouri, and the judgments of that state are entitled to full faith and credit and to a presumption of validity.

It may be noted that petitioner has not claimed that he was deprived of counsel either in Kansas or Missouri (*Arnold v. Hudspeth,* 166 Kan. 628, 203 P. 2d 205).

We have held in a somewhat similar situation that a petitioner in habeas corpus could not challenge the sufficiency of the evidence shown as to the application of the habitual criminal act, *Darling v. Hoffman,* 180 Kan. 137, 299 P. 2d 594. Moreover, it has long been the rule of this court that the unsupported testimony of a petitioner in a habeas corpus proceeding was insufficient to sustain the burden of proof or justify the granting of a writ when confronted by judgments entitled to the presumption of regularity and validity (*Scott v. Hudspeth,* supra; *Cunningham v. Hoffman,* 179 Kan. 609, 296 P. 2d 1081, and cases cited).

From the foregoing, it is apparent that petitioner has failed to show any valid ground for the issuance of a writ of habeas corpus, and the same is denied. It is so ordered.