No. 81,481

FLOREDA MAE CONNER, *Appellant,* v. BRIAN K. JANES, RICHARD
  GROSKO, and UNIFIED BOARD of COUNTY COMMISSIONERS,
  *Appellees.*

(981 P.2d 1169)

Opinion filed May 28, 1999.

*J.R. Russell,* of Kansas City, argued the cause, and was on the brief for appellant.

*Linda S. Skaggs,* of Blackwell Sanders Peper Martin L.L.P., of Overland Park, argued the cause, and *James D. Conkright,* of the same firm, was with her on the brief for appellees.

The opinion of the court was delivered by

SIX, J.: This summary judgment case addresses whether a law enforcement officer serving a writ of execution, valid on its face, has a duty to verify the underlying validity of the writ before executing it. In an eviction action that stimulated this case, a landlord, Brian Janes, obtained judgment against his tenant Floreda Mae Conner. However, the district court ruled Conner was entitled to possession of the premises until July 1, 1995. A writ of eviction was issued. The writ contained no notice of the July 1 possession date. Deputy Sheriff Richard Grosko, acting according to the writ, evicted Conner before July 1. Conner sued Janes, Grosko, and the Unified Board of County Commissioners (the Board), Grosko's employer. The action is a tort claim based on negligence and abuse of judicial process arising from a wrongful eviction.

The district court held that deputy Grosko had no duty to verify the underlying validity of the writ of eviction before executing it.

Our jurisdiction is under K.S.A. 20-3018(c), a transfer from the Court of Appeals on our own motion.

Finding no error, we affirm.

## FACTS

Janes filed a Peaceable Entry and Forcible Detainer action against Conner. Janes prevailed. On June 12, 1995, judgment was entered against Conner for $275. On the same date the district court issued a writ of restitution and execution. The judgment form reflected that Conner was entitled to possession of the disputed premises until July 1. The writ was to be executed by the sheriff within 10 days of receipt. The writ was not accompanied by the judgment form, and the July 1 possession date was not mentioned anywhere in the writ. Grosko executed the writ on June 26, and Conner was evicted. (The record does not reflect what date the writ was received by the sheriff's office.)

The Board and Grosko moved for summary judgment, asserting sections of the Kansas Tort Claims Act, K.S.A. 75-6104(c) and (e), as a defense. Conner's response to the summary judgment motion was minimal. Conner did not controvert any of the defendants' statements of uncontroverted fact; thus, the district court accepted the statements as true. The district court found that Grosko had no duty to verify the information contained in the writ and, therefore, Conner could not prove negligence against Grosko. Conner's inability to prove Grosko's negligence precluded her respondeat superior claims against the Board. Janes remained the only defendant in the case. Conner's claims against Janes were later dismissed for failure to prosecute.

## DISCUSSION

Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. K.S.A. 60-256(c). When summary judgment is challenged on appeal, we must read the record in the light most favorable to the party who defended against the motion for summary judgment. *Mills v. City of Overland Park*, 251 Kan. 434, 436, 837 P.2d 370 (1992). The essential facts here are undisputed. However, Conner challenges the district court's interpretation of applicable law. Conner claims the district court erred by finding that Grosko had no legal duty to check the underlying validity of the writ. The Board and Grosko respond by pointing out that the writ was valid on its

face; thus, the sheriff's office had no notice or reason to know of the July 1 possession date. We agree. To accept Conner's argument would mean law enforcement officers would have a duty to investigate the underlying validity of writs and warrants that appear valid on their face. Conner has cited no case supporting the imposition of such a duty.

The cases cited by Conner involve misconduct committed in the performance of an official act. See *Monroe v. Darr,* 221 Kan. 281, 559 P.2d 322 (1977) (a sheriff may be liable for deputies' warrantless entry into plaintiff's home where there was no probable cause, no exigent circumstances, and plaintiff did not consent to the entry); *Libby v. Schmidt,* 179 Kan. 683, 298 P.2d 298 (1956) (a deputy sheriff held liable for planting evidence and then falsely using this planted evidence as a basis for a criminal complaint against plaintiff); *Duran v. Mission Mortuary,* 174 Kan. 565, 258 P.2d 241 (1953) (a deputy sheriff held liable for driving the sheriff's vehicle in a negligent manner and thereby contributing to an accident); *Frankhouser v. Cannon,* 50 Kan. 621, 32 Pac. 379 (1893) (a sheriff could be liable for his deputy's levy of property not authorized by the writ of execution).

Conner was required to show a breach of a duty imposed by law to maintain a tort action for negligence. See *Mills,* 251 Kan. at 445. The public duty doctrine expresses a general rule that law enforcement duties are owed to the public at large and not to any specific person. Absent some special relationship with or specific duty owed an individual, liability will not lie for damages. *Mills,* 251 Kan. 434, Syl. ¶ 5. Under the public duty doctrine, an officer is immune from claims arising out of the performance or nonperformance of the officer's general duties. Liability arises only when an officer breaches a specific affirmative duty owed to a particular person. *Hendrix v. City of Topeka,* 231 Kan. 113, 120, 643 P.2d 129 (1982); see McAllister & Robinson, *The Potential Civil Liability of Law Enforcement Officers and Agencies,* 67 J.K.B.A. 14, 17 (Sept. 1998). Conner has failed to allege what, if any, special duty Grosko owed to her.

The Board admits that Grosko was acting within the scope of his authority. The Board's position however, is that Grosko per-

formed his duties under law, without misconduct. Here, Grosko acted in accordance with the writ of execution. There was no malicious or willful conduct involved, and no special relationship between Grosko and Conner.

Because we affirm the district court on the duty issue, we do not reach a discussion of the Kansas Tort Claims Act.

Defendants have requested that we rule that Conner's appeal is frivolous under Supreme Court Rule 7.07(c) (1998 Kan. Ct. R. Annot. 50) and assess Conner and her counsel the cost of reproduction of defendants' brief and reasonable attorney fees. See Supreme Court Rules 7.07(b) and (c) and 5.01 (1998 Kan. Ct. R. Annot. 30). We do not reach the request as no Rule 7.07(c) motion has been filed.

Affirmed.