(78 P.3d 1174)
No. 90,038 ■

ROBERT J. GIBSON, Inmate No. 39066, *Appellant,* v. WILLIAM L. CUMMINGS, Secretary of Corrections Designee, *Appellee.*

958

Opinion filed August 8, 2003.

Robert J. Gibson, appellant pro se.

Jon D. Graves, special assistant attorney general, for appellee.

Before PIERRON, P.J., GREEN, J., and JOHN J. BUKATY, JR., District Judge, assigned.

GREEN, J.: Robert Gibson was convicted of two separate felonies. His two sentences were aggregated for a controlling prison term of 6 to 20 years with a sentence begins date of September 4, 1990. Gibson received good time credits of 10 years and reached his conditional release date on September 4, 2000. Gibson later had his conditional release revoked. Gibson maintained that once his conditional release date had been met, the good time credits he had earned merged with the time served and thus satisfied his maximum term of imprisonment by operation of law. The trial court disagreed and denied his petition under K.S.A. 2002 Supp. 60-1501. We agree with the trial court and affirm the denial of the 1501 petition and deny the motion for costs and attorney fees.

Gibson was convicted of a felony and was sentenced to an indeterminate prison term of 5 to 15 years. He was later convicted of a second felony and was sentenced to an indeterminate prison term of 1 to 5 years. His two sentences were aggregated for a controlling prison term of 6 to 20 years with a sentence begins date of September 4, 1990.

Gibson received a good time credit of 10 years for determining his conditional release date. See K.S.A. 1990 Supp. 22-3725(c) (good time credit for maximum sentences greater than 2 years is one-half of the sentence). Gibson was released on his conditional release date, September 4, 2000.

In 2001, Gibson was convicted of a third felony and sentenced to 16 months. In 2002, he returned to prison as a conditional release violator due to the new conviction. The Kansas Department of Corrections (KDOC) calculated the maximum date on his indeterminate sentence as September 4, 2010.

Gibson filed a grievance with the KDOC alleging it incorrectly calculated his release date for the aggregated sentence. He maintained that the good time credits (10 years) and the previous time served (10 years) should both be applied to his maximum sentence of 20 years. Gibson requested a discharge on the aggregated sentence. The KDOC denied his request. It determined that Gibson's good time credits did not apply to the maximum sentence and his sentence was computed correctly.

Gibson filed a petition under K.S.A. 2002 Supp. 60-1501. The trial court agreed with the KDOC and denied relief.

Gibson maintains that the trial court erroneously held that his good time credits did not apply toward his maximum sentence. In short, Gibson argues that his good time credits of 10 years were the equivalent of time served.

A petition for a writ of habeas corpus filed under K.S.A. 2002 Supp. 60-1501 is not subject to the ordinary rules of civil procedure. To avoid summary dismissal, a K.S.A. 2002 Supp. 60-1501 petition must allege shocking and intolerable conduct or continuing mistreatment of a constitutional nature. *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied* 525 U.S. 1060 (1998).

Whether good time credit can be applied as time served on the maximum sentence is a question of law. The trial court found there was no merit to this claim. When the trial court's legal conclusion is challenged, our review is unlimited. 265 Kan. at 349.

Gibson argues that the statutes and regulations that were in effect when he committed his two felonies control. An amendment to a regulation after the date a petitioner committed his or her crime that would increase the petitioner's release date beyond what it would have been under the regulation at the time the petitioner committed the crime would be an ex post facto law. *Garner v. Nelson*, 25 Kan. App. 2d 394, 399, 963 P.2d 1242 (1998). A comparison of the statutes and regulations for good time credit and

conditional release showed there have been no substantive changes to the applicable language for this issue. As a result, references are made to the current authority.

K.S.A. 2002 Supp. 22-3718, which authorizes conditional release, states:

"Upon release, an inmate who has served the inmate's maximum term or terms, less such work and good behavior credits as have been earned, shall be subject to such written rules and conditions as the Kansas parole board may impose, until the expiration of the maximum term or terms for which the inmate was sentenced or until the inmate is otherwise discharged."

The amount of good time credit to determine the date of conditional release is set forth in K.S.A. 2002 Supp. 22-3725.

The regulations are consistent with K.S.A. 2002 Supp. 22-3718. A prisoner shall be granted conditional release when he or she has served the maximum sentence less good time credits authorized by statute. K.A.R. 45-10-1(a). The "conditional release date" is defined as the ending date of the maximum sentence less the good time credits not forfeited. K.A.R. 44-6-101(m). To determine the conditional release date, the good time credits are presumed earned and applied to the maximum sentence when it is first computed. K.A.R. 44-6-108(c).

A prisoner on conditional release is placed under parole supervision in the same manner as parolees and subject to the same terms and conditions as parolees. K.A.R. 45-10-1(b). If the Secretary of Corrections determines probable cause shows a person on conditional release violated the conditions of release, the person may be returned to prison, subject to a final hearing and order of the Kansas Parole Board (KPB) in the same manner provided for parole violators. K.A.R. 45-10-1(b). If the person's conditional release is revoked, the KPB may order the violator to serve all or part of the remaining time on the sentence. K.A.R. 45-9-3.

The regulation defining good time credits indicates that they do not affect the maximum sentence. "Good time credits shall not forgive or eliminate the sentence but shall function only to allow the inmate to earn the privilege of being released from incarceration earlier than the full minimum or maximum sentence, subject to conditions specified and imposed pursuant to applicable law."

K.A.R. 44-6-101(a). Nevertheless, Gibson contends that the term "otherwise discharged" in K.S.A. 2002 Supp. 22-3718 applies. He relies upon two cases: *May v. Hoffman*, 179 Kan. 149, 293 P.2d 265 (1956), and *Smith v. Crouse*, 298 F. Supp. 1029 (D. Kan. 1968), *aff'd* 413 F.2d 979 (10th Cir. 1969).

In *May*, the petitioner claimed he was entitled to release because his good time credits should not have been forfeited. The court referred to G.S. 1949, 76-2421. 179 Kan. at 151. That statute stated: (1) that a monthly report was to be made for violations of disciplinary rules by prisoners; (2) that if a prisoner did not violate the rules, the prisoner was "entitled to a deduction from his sentence" according to the schedule; (3) that if a prisoner later violated the rules, a portion or all of the previously entitled good time credit could be forfeited; and (4) that the board shall "direct the discharge of such convict when he shall have served out his sentence, less the time which shall be deducted therefrom by virtue of the provisions of this section." G.S. 1949, 76-2421.

The *May* court stated that " 'when the time of actual service together with the good time earned equals the time [fixed by the] sentence, the convict is entitled to a discharge.' [Citation omitted.]" 179 Kan. at 152. The court found, however, that the forfeiture of petitioner's good time credits did not violate the statute and denied relief. 179 Kan. at 152-53. Because there are significant differences between G.S. 1949, 76-2421 and K.S.A. 2002 Supp. 22-3718, *May* is distinguishable.

In *Smith*, after the petitioner was convicted and sentenced for state felonies, he filed a habeas corpus petition in federal court. The court found two convictions in the petitioner's criminal history that had been used to impose a life sentence under the Habitual Criminal Act were void. 298 F. Supp. at 1032-33. The court noted that the petitioner would have received a lesser sentence without the two convictions and was eligible for parole in 1967 and conditional release in 1972. Without providing any authority, the court stated parole was discretionary "while 'conditional release' is mandatory, the time being computed by deductions from the maximum term for 'good time' and 'incentive credits,' and is the equivalent of a sentence served completely." 298 F. Supp. at 1033.

The petitioner in *Smith* was convicted in June 1962. At that time, G.S. 1949, 76-2421 (1961 Supp.) had been amended. The conditional release provision stated that a prisoner who had served his or her prison sentence, less earned work and good behavior credits, shall be released and deemed as released on parole until the maximum sentence had expired. G.S. 1949, 62-2246 (1961 Supp.). The time served on conditional release was counted as time served on the sentence. G.S. 1949, 62-2252 (1961 Supp.). Based on those changes, the completion of a conditional release sentence was the equivalent of a sentence served completely. Here, Gibson did not complete his conditional release sentence. As a result, *Smith* does not support Gibson's argument.

Rather, K.S.A. 22-3722 provides how a prisoner can be "otherwise discharged" from serving his or her maximum sentence in prison:

"The period served on . . . conditional release shall be deemed service of the term of confinement, and . . . the total time served may not exceed the maximum term or sentence. . . .

"When an inmate on . . . conditional release has performed the obligations of the release for such time as shall satisfy the Kansas parole board that final release is not incompatible with the best interest of society and the welfare of the individual, the parole board may make a final order of discharge and issue a certificate of discharge to the inmate but no such order of discharge shall be made in any case within a period of less than one year after the date of release except where the sentence expires earlier thereto." K.S.A. 22-3722.

Again, K.A.R. 45-11-1 is consistent with K.S.A. 22-3722. A person on conditional release can be discharged from parole supervision (a) when he or she reaches his or her maximum sentence or (b) when the parole officer recommends and the KPB approves discharge.

Here, Gibson was released on his conditional release date of September 4, 2000, by crediting 10 years' good time on his 20-year maximum sentence. His conditional release date complied with K.S.A. 2002 Supp. 22-3725 and K.A.R. 44-6-117. Under K.S.A. 2002 Supp. 22-3718, K.S.A. 22-3722, and K.A.R. 44-6-101(a), the trial court correctly decided Gibson's good time credits of 10 years

did not count as time served toward his maximum sentence and Gibson was not entitled to relief.

Next, the State asserts in its brief that Gibson's petition was frivolous and asks this court to assess costs and attorney fees against Gibson.

Kansas Supreme Court Rule 7.07(a) (2002 Kan. Ct. R. Annot. 52) gives an appellate court discretion to assess against a party "any part of the original docket fee, the expenses for transcripts, and any additional fees and expenses allowed in the case." Under subsections (b) and (c), an appellate court may award the expenses incurred for the reproduction of appellee's brief and reasonable attorney fees for services on appeal if the district court had authority to award attorney fees.

K.S.A. 60-1503(a) and K.S.A. 60-1505(a) authorize only the assessment of costs against the petitioner if the trial court determines the pleadings, files, and case show the petitioner is not entitled to relief. K.S.A. 2002 Supp. 60-211(c) and (f), however, authorize the imposition of monetary sanctions, including reasonable expenses incurred and attorney fees, against a prisoner filing a frivolous civil case and the disbursement of any money in the prisoner's account to pay such sanctions.

The State, however, has not filed a motion and affidavit detailing such reasonable costs and attorney fees that were incurred as a result of the appeal. See Supreme Court Rule 5.01 (2002 Kan. Ct. R. Annot. 30) and Rule 7.07(b) and (c). Without a proper motion and affidavit, the State's request fails. See *Conner v. Janes*, 267 Kan. 427, 430, 981 P.2d 1169 (1999).

Affirmed; costs and attorney fees denied.